FILED
United States Court of Appeals
Tenth Circuit

April 7, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GENADY SLONIMSKY,

      Petitioner - Appellant,

v.

JAMES E. ABBOTT; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents - Appellees.

No. 08-1481
(D.C. No. 08-CV-01865-ZLW)
(D. Colo.)

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

Petitioner-Appellant Genady Slonimsky, appearing pro se, seeks a certificate of appealability ("COA") allowing him to appeal the denial of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. The district court dismissed the action as untimely under the one-year limitations period contained in 28 U.S.C. § 2244(d)(1). Slonimsky v. Abbott, No. 08-cv-01865-BNB, 2008 WL 4838429 (D. Colo. Nov. 5, 2008). On appeal, he argues that the cumulative effect of various alleged errors occurring at his 2000 trial resulted in the denial of his due process rights. We deny a COA and dismiss the appeal.

Mr. Slonimsky was convicted by a jury of first-degree burglary and an associated crime of violence in June 2000. 1 R. Doc. 7, at 79-80 (Exhibit D). The Colorado Court of Appeals affirmed on November 1, 2001. Id. at 122 (Exhibit F). Certiorari review was denied by the Colorado Supreme Court on May 20, 2002. Id. at 133 (Exhibit G). On July 10, 2002, Mr. Slonimsky filed a motion for sentence reconsideration under Rule 35(b) of the Colorado Rules of Criminal Procedure, which was denied on July 12, 2002. Id. at 96 (Exhibit D). On July 7, 2003, he filed a postconviction motion pursuant to Rule 35(a) and (c) of the Colorado Rules of Criminal Procedure, which was also denied. Id. at 97 (Exhibit D). The Colorado Court of Appeals affirmed the denial on May 11, 2006. People v. Slonimsky, No. 05CA0188, 2006 WL 1280533 (Colo. Ct. App. May 11, 2006). The Colorado Supreme Court denied certiorari review on August 28, 2006. Slonimsky v. People, No. 06SC408, 2006 WL 2467538 (Colo. Aug. 28, 2006). On March 7, 2007, Mr. Slonimsky again moved for postconviction relief, which was denied on March 20, 2007. 1 R. Doc. 7, at 99 (Exhibit D). Finally, on June 25, 2008, Mr. Slonimsky filed another motion for relief, which was denied on July 7, 2008. Id. He then filed his petition for habeas corpus relief, which was denied as untimely by the district court on November 5, 2008. Slonimsky, 2008 WL 4838429, at *4. The district court further denied Mr. Slonimsky's motion for reconsideration on December 4, 2008. 1 R. Doc. 12, at 147.

In order for this court to grant a COA, Mr. Slonimsky must make "a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court's denial of habeas relief is based on procedural grounds, he must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). A court need not pass on the constitutional issues raised by Mr. Slonimsky if he cannot make a threshold showing that "jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect." Id. at 485.

Habeas petitions are subject to a one-year limitations period, which runs from the date a conviction becomes final, either by the conclusion of direct review or the expiration of time to seek such review. 28 U.S.C. § 2244(d)(1)(A). We calculate the one-year limitations period from that date; however, we do not count the time during which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment . . . is pending." 28 U.S.C. § 2244(d)(2).

Mr. Slonimsky's direct appeal concluded on May 20, 2002, and his time to seek certiorari review in the United States Supreme Court expired on August 18, 2002. See Sup. Ct. R. 13.1. He did not sign and mail his petition for habeas relief until August 12, 2008. 1 R. Doc. 3; see Clark v. Oklahoma, 468 F.3d 711,

- 3 -

713 (10th Cir. 2006) (indicating our adherence to the prisoner mailbox rule). As the district court discussed in its order, due to pending motions for postconviction relief, Mr. Slonimsky's limitations period is tolled from July 10, 2002, to July 12, 2002; from July 13, 2002, to August 27, 2002; July 7, 2003, to August 28, 2006; March 7, 2007, to March 20, 2007; March 21, 2007, to May 5, 2007; and June 25, 2008, to July 7, 2008. See Slonimsky, 2008 WL 4838429, at *3. Given that 314 days passed between the expiry of his time to appeal the denial of his Rule 35(b) motion on August 27, 2002, and his filing of a Rule 35(a) and (c) motion on July 7, 2003, and that 191 days passed between the Colorado Supreme Court's denial of certiorari review of the denial of his Rule 35(a) and (c) motion on August 28, 2006, and his filing of an additional postconviction motion on March 7, 2007, we need not reach the remaining calculations. Mr. Slonimsky's action is clearly time-barred.

Of course, "'rare and exceptional circumstances'" may call for the equitable tolling of the limitations period. Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). However, equitable tolling will only be applied when a petitioner "diligently pursues his claim." Young v. Davis, 554 F.3d 1254, 1258 (10th Cir. 2009). Mr. Slonimsky has not argued for equitable tolling, nor can we find any evidence in the record establishing his eligibility for such relief. The action was untimely.

We DENY a COA, DENY IFP status, and DISMISS the appeal. All

- 4 -

pending motions are DENIED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge